[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

No. 09-12911
Non-Argument Calendar

_____

D. C. Docket No. 09-20107-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAIN IWAN PIETERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Jermain Iwan Pieters appeals his 37-month sentence imposed for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.

Pieters challenges the procedural and substantive reasonableness of his sentence. On procedure, Pieters argues that the district court failed to explain that it had considered the 18 U.S.C. § 3553(a) factors or indicate which factors it relied on in imposing sentence and that the court treated the guidelines range as presumptively reasonable. On substance, Pieters contends that he received a harsher sentence than similarly-situated defendants because, as an alien, he was subjected to harsher conditions of confinement and, because he was transporting drugs outside of the United States, he did not pose the same threat to the community as someone distributing drugs inside the United States.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009). A sentence may be procedurally unreasonable if the district court fails to explain adequately the chosen sentence. Id. We evaluate the substantive reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the

reasonableness of a sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1]

We conclude that Pieters's sentence -- which fell at the bottom of the applicable guidelines range of 37 to 46 months -- was reasonable both procedurally and substantively. See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The sentence was well below the 40-year statutory maximum and even below the 5-year statutory minimum because Pieters qualified for the safety valve reduction. See 21 U.S.C. § 841(b)(1)(B)(ii); U.S.S.G. § 5C1.2; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).

No procedural error occurred. The district court explicitly noted that it had considered the advisory guidelines range, the presentence investigation report outlining Pieters's offense conduct, and Pieters's arguments in support of a downward variance (including that he was transporting drugs out of the United

---

[1]Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

3

States); and the court concluded that Pieters's case did not warrant a sentence below the guidelines range. The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

Pieters's argument that the court's statements did not reflect a consideration of relevant section 3553(a) factors plainly is belied by the record. The court reasoned that it would be inappropriate to sentence offenders transporting drugs outside the United States more leniently than offenders distributing drugs inside the country because it would encourage that kind of conduct. The court also reasoned that a variance was unwarranted in Pieters's case because it would "detract from the seriousness of the crime and the kind of punishment that is required." Thus, the court considered the seriousness of the offense and the need for just punishment and deterrence in concluding that a 37-month sentence was appropriate. See 18 U.S.C. § 3553(a)(2)(A)-(B). And nothing in the record supports Pieters's contention that the district court treated the guidelines range as presumptively reasonable. That the court stated that it did not see a reason to vary

downward in Pieters's case was not impermissible: a district court can inquire into whether the case before it is a typical case that would have been fully within the contemplation of the Sentencing Commission. See United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008).[2]

That Pieters felt other section 3553(a) factors weighed in favor of a lower sentence does not make the district court's choice of sentence unreasonable. "The weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and citation omitted). We cannot say that the 37-month within-range sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Pugh, 515 F.3d 1179, 1202 (11th Cir. 2008).

AFFIRMED.

---

[2]We reject Pieters's argument that the district court's comment (made after imposing sentence) that Pieters should have filed a written motion for a variance demonstrated that the court treated the guidelines as presumptively reasonable. The record shows that, despite the court's comment, the court heard and considered Pieters's arguments for a variance.